Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

## SEALED BY ORDER OF THE COURT
### United States District Court
for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 12 2007

at __4__ o'clock and __04__ min. __P__ M
SUE BEITIA, CLERK

U.S.A. vs. CHICO MARTINES              Docket No. CR 01-00099HG-10

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Chico Martines who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 8th day of July 2002, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. As a part of drug testing, the offender tested positive for an illegal controlled substance, to wit, marijuana, more than three (3) times over the course of one (1) year, specifically on 6/6/2006, 11/27/2006, 12/4/2006, and 12/14/2006; in violation of the General Condition and Standard Condition No. 7.

2. The offender refused to comply with drug testing on 12/12/2006, 12/18/2006, 12/21/2006, and 1/3/2007; in violation of Special Condition No. 3.



SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

3. The offender's admissions that he used marijuana on or about 12/21/2006 and 12/30/2006; in violation of the General Condition and Standard Condition No. 7.

4. The offender failed to answer truthfully all inquiries by the Probation Officer on 6/6/2006, 6/7/2006, and 12/4/2006; in violation of Standard Condition No. 3.

5. The offender associated with a person convicted of a felony without the permission of the Probation Officer, in violation of Standard Condition No. 9.

6. The offender failed to follow the instructions of the Probation Officer issued on 5/15/2006, 11/21/2006, 12/7/2006, and 1/5/2007; in violation of Standard Condition No. 3.

7. The offender failed to notify the Probation Officer at least ten days prior to any change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    1/11/2007

_____
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 11th day of January, 2007, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Court Judge

Re:   **CHICO MARTINES**
      **Criminal No. CR 01-00099HG-10**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Count 1: Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine; and Count 11: Possession With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine. On 7/8/2002, he was sentenced to seventy (70) months imprisonment as to each of Counts 1 and 11 of the First Superceding Indictment, to run concurrently with each other, to be followed by five (5) years of supervised release as to each count, to run concurrently. The special conditions are noted on the facesheet of the petition.

On 3/9/2006, while confined at Mahoney Hale as an inmate of the Bureau of Prisons, the offender was oriented to the terms and conditions of supervision and signed a copy of them acknowledging his understanding of the conditions. The offender's supervision commenced on 4/7/2006. On that same date, the offender was again oriented to the supervised release conditions and was also provided with his signed copy of them. In addition, he also signed the Drug Treatment and Testing Conditions, thereby acknowledging that he understood and would abide by the conditions for participating in substance abuse treatment, including drug testing. On 4/11/2006, the offender commenced with substance abuse treatment at Hina Mauka.

On 7/6/2006, the Court was notified that the offender had committed violations of his conditions of supervision, including testing positive for and admitting to the use of marijuana, failing to answer truthfully inquiries by the Probation Officer, and associating with a convicted felon without the permission of the Probation Officer. The facts and circumstances of these violations are detailed below under Violation Nos. 1, 3, and 4. The Court concurred with the recommendation of the Probation Office that no further action be taken at that time, as the offender admitted to his relapse and agreed to participate in an appropriate substance abuse treatment program.

Despite the opportunity to demonstrate his commitment to rehabilitation, the offender has continued to engage in non-compliant behavior. The offender's violations of supervised release include the following:

**Violation Nos. 1, 3, and 4 - Positive Drug Tests; Admissions of Drug Use; and Failure to Answer Truthfully All Inquiries by the Probation Officer:** On 6/6/2006, the offender submitted a urine specimen at Hina Mauka which tested presumptive positive for marijuana. When questioned, the offender denied having smoked marijuana but stated that he "may have eaten a brownie laced with marijuana" on 5/29/2006 **(Violation No. 4)**. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL), for confirmation of the presumptive test.

Re: **CHICO MARTINES**
**Criminal No. CR 01-00099HG-10**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

On 6/7/2006, the offender reported for a scheduled office appointment with this officer and Supervising U.S. Probation Officer Timothy M. Jenkins. The offender was again confronted about his drug usage. He then admitted that he had not eaten brownies laced with marijuana but had smoked marijuana on 5/29/2006. He said that he had been feeling "stressed out" about his living situation and that his mother and sister, with whom he resides, were "always fighting."

STL later confirmed that the offender's specimen from 6/6/2006 was positive for the presence of marijuana **(Violation No. 1 - first positive)**. After receiving the test results, this officer again questioned the offender about his drug use. The offender stated that he "smoked on Sunday night into Monday morning" on 5/28/2006 and 5/29/2006, respectively. He denied any further marijuana usage and stated that the only time he "used" was when he "ate the brownies." When this officer asked for clarification as to whether the offender smoked marijuana or ate marijuana brownies, he replied that he ate marijuana brownies. The offender then claimed that he previously told this officer and Supervising U.S. Probation Officer Jenkins that he "smoked because that is what [the Probation Officers] wanted to hear." He further stated that "[the Probation Officers] would not believe that he ate the brownies so he changed his story to say that he smoked." The offender added that "he was already busted" and "had a positive drug test." When this officer questioned the offender's statement and warned that he needed to be truthful regarding his drug use, he stated "it is what it is" and "it can not be helped."

On 11/27/2006, the offender submitted a urine specimen at Hina Mauka which tested presumptive positive for marijuana. The specimen was forwarded to STL, and was confirmed positive for marijuana **(Violation No. 1 - second positive)**. On that same date, the offender left a voice message for this officer advising of the presumptive test result and stating that he would contact this officer the following day to discuss the test result. It should be noted that the offender failed to contact this officer on 11/28/2006. Rather, on 12/4/2006, the offender reported unexpectedly to the Probation Office to meet with this officer. When questioned about his drug use, he admitted to smoking marijuana on 11/26/2006. The offender explained that he was having family problems with his fourteen year-old son and shared that on 11/26/2006, his son threatened to commit suicide. As a result, his son was admitted to Kekela at the Queen's Medical Center for observation and treatment. The offender explained that he used marijuana to "alleviate the stress."

On 12/4/2006, the offender submitted a urine specimen at the Probation Office which tested presumptive positive for marijuana. When questioned on that same date, the offender stated that the positive test result was a residual affect and that he had not smoked marijuana other than on 11/26/2006. The specimen was forwarded to STL and

Re:  **CHICO MARTINES**
      **Criminal No. CR 01-00099HG-10**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

was confirmed positive for marijuana **(Violation No. 1 - third positive and Violation No. 4)**.

In an effort to address the offender's drug use while still allowing him to remain in the community to offer emotional support to his son, we were prepared to recommend that the Court modify the conditions of supervision to include home confinement with electronic monitoring, participation in a mental health program, and a requirement for full time enrollment in an accredited college or university and/or the maintenance of part-time employment and part-time enrollment as a student. The offender would also continue in substance abuse treatment.

However, the offender continued to use illicit substances. On 12/14/2006, the offender submitted a urine specimen at Hina Mauka which tested presumptive positive for marijuana. The specimen was forwarded to STL and was confirmed positive for marijuana **(Violation No. 1 - fourth positive)**. On 12/22/2006, when questioned about his drug use, the offender admitted to using marijuana on both 12/14/2006 and 12/21/2006 to "relieve stress" and specifically referenced problems involving his son **(Violation No. 3)**. He stated that the problems with his son had escalated and that on 12/14/2006 his son had stolen a car and was involved in a serious automobile accident with the stolen vehicle. He added that his son was arrested on that date and placed in the custody of a boys' detention home pending court hearings.

Given the multiple positive drug tests between 11/27/2006 and 12/14/2006, this officer contacted STL in order to elicit the laboratory's comments on the nature of the offender's drug use during this period. Subsequent correspondence from STL confirms that the offender "is continuing to actively use marijuana." The correspondence invalidates the offender's claims that the positive test result on 12/4/2006 was a result of residual use from 11/26/2006 **(Violation No. 4)** and concludes that the positive test result was due to new use. The laboratory has determined that each alleged positive drug test is attributable to a separate instance of marijuana use by the offender.

Consequently, the offender tested positive for the illegal controlled substance, marijuana, more than three (3) times in less than one (1) year.

Furthermore, when questioned on 1/5/2007, the offender admitted to using marijuana on 12/30/2006 **(Violation No. 3)**. He replied that he "can't stop" and that he "is losing it." He also stated that "it is the only way (he) can deal with stress."

**Violation No. 2 - Refusal to Comply With Drug Testing on 12/12/2006, 12/18/2006, 12/21/2006, and 1/3/2007:** On 12/12/2006, 12/18/2006, and 12/21/2006 the offender

Re: **CHICO MARTINES**
   Criminal No. CR 01-00099HG-10
   REVOCATION OF SUPERVISED RELEASE
   STATEMENT OF FACTS - Page 4

failed to report for drug testing at Hina Mauka. When questioned about the missed drug tests, the offender said he "did not realize that (he) had missed three (3) tests" and admitted that he had not been calling the Hina Mauka telephone recorder and therefore failed to receive instructions to report for drug testing.

On 1/3/2007, the offender failed to report for drug testing at Hina Mauka. When questioned on 1/5/2007, the offender stated that he had been calling the telephone recorder every day and denied missing any drug tests.

Because he was oriented to the drug testing protocol and had complied with these requirements for an extended period prior to the missed drug tests, the offender is charged with refusing to comply with drug testing.

**Violation Nos. 5, 6, and 7 - Association With a Felon; Failure to Follow the Instructions Issued by the Probation Officer; and Failure to Notify of Change in Residence:** On 5/1/2006, Ms. Danni Inouye, a felon under federal supervision with the Probation Office, informed U.S. Probation Officer Merilee Lau that she was five (5) months pregnant with the offender's child. Ms. Inouye further admitted that the child was conceived while she and the offender were confined together at Mahoney Hale as inmates of the Bureau of Prisons. Ms. Inouye subsequently requested that Officer Lau and this officer inform the offender that she was pregnant, as she did not want to incur a violation for association.

On 5/8/2006, per Ms. Inouye's request, the offender was informed of the pregnancy. At that time, he requested permission to associate with Ms. Inouye as he wanted to "be a part of the child's life." On 5/15/2006, the request for association was denied. He was instructed that he was not allowed to associate with Ms. Inouye until he had a demonstrated period of stability and compliance with the supervision requirements and/or until paternity could be established after the birth of the baby.

On the evening of 6/5/2006, Officer Lau observed Ms. Inouye and the offender embracing outside of Assagio's Restaurant where Ms. Inouye is employed as a hostess. When confronted by Officer Lau, the offender admitted that he had associated with Ms. Inouye at the restaurant on two previous occasions for a total of three times **(Violation Nos. 5 and 6)**.

When questioned by this officer on 6/6/2006 about the association, the offender stated that he felt it was "unfair to keep him away from his baby" and that despite the instruction prohibiting association he wanted to see Ms. Inouye and "be there for the birth of his child."

Re: **CHICO MARTINES**
    **Criminal No. CR 01-00099HG-10**
    **REVOCATION OF SUPERVISED RELEASE**
    **STATEMENT OF FACTS - Page 5**

On 6/7/2006, the offender reported for a scheduled office appointment with this officer and Supervising U.S. Probation Officer Jenkins. The offender was again questioned about his association with Ms. Inouye. The offender admitted to associating with Ms. Inouye and stated that he "wanted to be a part of the baby's life" and assist Ms. Inouye financially. The offender was verbally admonished for ignoring this officer's prior instruction on 5/15/2006 prohibiting association with Ms. Inouye. He was instructed to cease further association and was informed that he must demonstrate a period of stability and sobriety before association would be considered or allowed.

It should be noted that Ms. Inouye gave birth on 9/19/2006. To date, paternity has not been established and to the best of our knowledge the offender and Ms. Inouye have refrained from association.

Finally, the offender failed to advise of his change in residence. This officer conducted unannounced home visits at the offender's identified residence on 9/12/2006, 10/12/2006, and 11/17/2006 and was unable to establish contact with the offender during each visit. It should be noted that the last contact with the offender at the identified residence occurred on 8/10/2006 through an unannounced home visit by U.S. Probation Officer J. Martin Romualdez. On 11/21/2006, this officer questioned the subject about his living situation. The offender reported that he was now residing with Shawna De Los Santos, his former girlfriend and mother of two of his children. He added that he stayed with her approximately "four (4) days per week" and that he was preparing to reside with her on a permanent basis. He could not provide this officer with the address of the residence and stated that they "were in the process of moving." He also advised that he did not have a telephone and could only be reached through Ms. De Los Santos' cellular telephone. He could not provide this officer with that cellular telephone number. As a result, he was instructed on that date to contact this officer every Monday morning and inform of his residence for the week and to provide a contact telephone number. He was to continue to call this officer each Monday morning until he secured a permanent, full-time residence and telephone number.

On 11/27/2006, the offender provided this officer with Ms. De Los Santos' cellular telephone number but failed to provide an address. Furthermore, he failed to contact this officer each Monday as instructed **(Violation No. 6)**.

On 12/7/2006, the offender was instructed again to provide his address and a contact telephone number. The offender failed to provide the requested information **(Violation No. 6)**.

Re:  **CHICO MARTINES**
     Criminal No. CR 01-00099HG-10
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 6**

On 1/5/2007, the offender contacted this officer and advised that he "was homeless." He informed that "the landlord (at Ms. De Los Santos' new residence) will not let me stay there every day." He reported that the landlord will only allow him "to sleep there sometimes." The offender stated that he "was staying with a childhood friend (Shane Oyama) in Waikiki" and that he did not know the exact address other than that he was staying on Ohua Street. He also stated that the friend did not have a telephone. In response, he was instructed to contact this officer on 1/8/2007 at 7:30 a.m. and provide his address and a contact telephone number. To date, the offender has not contacted this officer and has not provided the requested information. The offender's whereabouts are currently unknown **(Violation Nos. 6 and 7)**.

Despite being afforded numerous opportunities to come into compliance with the supervision conditions, the offender continues to exercise poor decision-making skills and poor judgment as evidenced by the aforementioned violations. The offender had been warned that continued noncompliance would result in the request for adverse Court action. Based upon his conduct and violations, we respectfully request that the Court issue a No Bail warrant for the offender's appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/tcp

Re: **CHICO MARTINES**
    Criminal No. CR 01-00099HG-10
    REVOCATION OF SUPERVISED RELEASE
    STATEMENT OF FACTS - Page 7

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:　　CHICO MARTINES　　　　　　　　　　　　　Docket No.　CR 01-00099HG-10

　　　　Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of five (5) years commencing upon release from confinement (4/7/2006).

　　　　The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

　　　　The defendant shall not commit another federal, state, or local crime.

　　　　The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

　　　　If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)　The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)　The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)　The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   3/9/06
             CHICO MARTINES, Defendant          Date

            _____   3/9/06
             SYDNEY L. FLEMING                  Date
             U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: **CHICO MARTINES**
Docket No. CR 01-00099HG-10

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant is prohibited from possessing any illegal or dangerous weapons.

2) That the defendant provide the Probation Office access to any requested financial information.

3) That the defendant participate in a substance abuse program, which may include drug testing discretion and direction of the Probation Office.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   3/9/06
         CHICO MARTINES, Defendant              Date

         _____   3/9/06
         SYDNEY L. FLEMING                      Date
         U.S. Probation Officer